UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 3:18-cr-00098 (AWT) |
| | : |
| SHEHEIM COLLIER | : |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, defendant Sheheim Collier's Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) (Compassionate Release) (ECF Nos. 40 and 42) is hereby DENIED.

Defendant Sheheim Collier moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to reduce his sentence to time served. He states that "[b]ecause of his serious underlying medical diagnosis of asthma, Mr. Collier is among those at highest risk of death or serious illness if he is exposed to the disease. This risk, combined with the totality of the circumstances, warrants an immediate sentence reduction to time served." Compassionate Release Mot. (ECF No. 42) at 1.

On January 11, 2019, the court sentenced the defendant to 57 months of imprisonment followed by a four-year term of supervised release. This followed the defendant's plea of guilty to Count Three of an Indictment which charged him with

possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). As described in the Presentence Report and the government's sentencing memorandum, Collier was selling crack cocaine in the area of Chappelle Gardens, in Hartford, while on parole with the State of Connecticut. Collier was also in possession of a shotgun. Near the beginning of the sentencing hearing, the court confirmed "that there was an agreement that the defendant would be able to plead to the drug charge and that would be in consideration for the firearms not being pursued". 1/11/19 Tr. (ECF No. 39) at 6.

The Presentence Report calculated the defendant's total offense level to be 21 and the defendant's criminal history category to be Category IV. Thus the advisory range under the sentencing Guidelines included a range of 57 to 71 months of imprisonment. In imposing sentence, the court explained:

> I have to be aware of the need to impose a sentence that constitutes just punishment for what I think is very serious offense conduct. It's unclear to me the extent to which there is a need to deter you from committing further offenses. The government makes a compelling argument as to why that is so.

Id. at 29. The court then observed that there were "at least some indications" that specific deterrence might not be necessary but also concluded that there was a need for the sentence "to reflect the serious nature of the offense and the offense conduct". Id. at 30. Finally, the court explained that

2

it also needed to be aware of the goal of rehabilitation because the defendant had made "some steps toward leaving criminal conduct behind, but you haven't made a clean break. You've only made a start." Id. at 30. The court then explained that to encourage the defendant's start towards rehabilitation it would impose a sentence at the bottom of the advisory range.

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i).

Here it is undisputed that the defendant has satisfied the requirement with respect to exhaustion of administrative remedies.

People with certain medical conditions can be more likely to get severely ill if they contract COVID-19. These medical conditions include "Asthma, if it's moderate to severe". Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 15, 2021). However, the defendant has not established that he suffers from moderate to severe asthma.

The defendant's medical records reflect that on February 2019 the defendant's asthma was in "remission". Medical Records (ECF No. 44-1) at 17 of 105. In May 2020, the defendant requested an inhaler from the BOP medical staff but he "denie[d] any breathing problems." Medical Records (ECF No. 44) at 26 of 79. The medical records reflect that there was "no SOB [shortness of breath], and no audible wheezing heard". Id. On September 20, 2020, the defendant reported to the medical staff that he was "wheezing" (Id. at 19 of 79); a pulmonary examination revealed that the defendant was "Within Normal Limits" with no "Respiratory Distress". Id. at 20 of 79.

Moreover, even if the defendant did suffer from a condition that placed him at increased risk of severe illness from the virus that causes COVID-19, the applicable Section 3553(a) factors counsel against reduction of the defendant's sentence. In view of the defendant's history and characteristics and his

4

offense conduct, a sentence of less than the 57 month term of imprisonment that was imposed would not adequately serve the need in the defendant's case to reflect the seriousness of the offense and constitute just punishment. Also, while the court imposed a sentence at the bottom of the advisory range, as opposed to a sentence at the top of the range as advocated by the government, the court was not willing to go lower, particularly because it was unclear whether there was a need for specific deterrence.

    It is so ordered.

    Signed this 15th day of April 2021 at Hartford, Connecticut.

                                           /s/AWT
                                    Alvin W. Thompson
                           United States District Judge